UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON MILLER,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>CHARLES DANIEL, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:20-cv-00414-ART-BNW<br><br>ORDER |

*Pro se* Plaintiff Jason Miller brings this 42 U.S.C. § 1983 action against various Nevada Department of Corrections employees claiming that his civil rights were violated when correctional officers locked him in a dining hall without a restroom, forced him to continue working after he urinated on himself, and prohibited him from changing out of his urine-soaked clothing. (ECF No. 6 at 10.) The Court previously screened Plaintiff's complaint and allowed his Eighth Amendment claim based on his allegation that he was prohibited from changing out of urine-soaked clothing to proceed against Defendants Gates, Pagoua, Rulon, Light, and Vega. (*Id.*) Now pending before the Court is Defendants' Motion for Summary Judgment on Plaintiff's surviving claim. (ECF No. 27.) For the reasons stated, the Court grants Defendants' Motion.

I.   **BACKGROUND**

The events that form the basis of Miller' claims allegedly occurred at High Desert State Prison ("HDSP"). (*See* ECF No. 8 at 4-6; ECF No. 6 at 2.) Miller alleged that during his culinary shift on January 7, 2019, at around 3:30 PM, Miller and other inmates were locked in the dining hall. (*Id.*) Miller allegedly attempted to get Defendants attention to be let out of the dining hall to use the restroom by banging. (*Id.*) After delays in getting Defendants' attention, Miller alleges that he urinated on himself "due to bladder problems." (*Id.*) Miller

1  alleged that Defendants did not permit Miller to shower or change his clothes,
2  forcing him to continue serving food in his urine-soaked clothes. (*Id.*)
3      After the Court issued its Screening Order (ECF No. 6), Defendants
4  moved for summary judgment on Plaintiff's surviving claim (ECF No. 27).
5  Plaintiff did not respond.

6  **II.   SUMMARY JUDGMENT STANDARD**

7      Summary judgment is appropriate if the movant shows "there is no
8  genuine dispute as to any material fact and the movant is entitled to judgment
9  as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the
10 outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*,
11 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a
12 reasonable jury could return a verdict for the nonmoving party." *Id.*

13     The party seeking summary judgment bears the initial burden of
14 informing the Court of the basis for its motion and identifying those portions of
15 the record that demonstrate the absence of a genuine issue of material fact.
16 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to
17 the non-moving party to set forth specific facts demonstrating there is a
18 genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*,
19 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d
20 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party
21 must produce evidence of a genuine dispute of material fact that could satisfy
22 its burden at trial."). The Court views the evidence and reasonable inferences in
23 the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert
24 Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

25 **III.   DISCUSSION**

26     Because Plaintiff has not responded to Defendant's Motion for Summary
27 Judgment, summary judgment is proper if Defendants have satisfied their
28 initial burden of identifying portions of the record that demonstrate the

absence of a genuine issue of material fact for trial. Defendants have met that burden on the question of whether Plaintiff experienced the harm he alleges as the basis for this action. Defendants have pointed to evidence in the record showing that Plaintiff was never moved to the Culinary unit on the day of the alleged incident, January 7, 2019. (*See* ECF Nos. 27-7, 27-8.) Thus, no reasonable juror could find that Plaintiff was subjected to any potentially harmful conditions in Culinary on January 7, 2019. The movement records are undisputed because Plaintiff did not respond to Defendants' motion. The Court therefore finds not genuine issues of material fact for a trial and will grant summary judgment for Defendants.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (ECF No. 27) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Extension of Time (ECF No. 26) is GRANTED.

The Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 16th day of July 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3